UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJIB J.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____/

Case No. 2:24-cv-12870

HONORABLE STEPHEN J. MURPHY, III

**ORDER OVERRULING OBJECTIONS [20],
ADOPTING REPORT AND RECOMMENDATION [19],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff Najib J. applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on August 5, 2021. ECF No. 9-1, PageID.44. The Social Security Administration denied his applications on initial review in December 2021 and again after reconsideration in July 2022. *Id.* After a hearing, an administrative law judge (ALJ) also concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at PageID.45. The Appeals Council denied his request for review, *id.* at PageID.28, so he appealed to the Court, ECF No. 1.

The Court referred the matter to Magistrate Judge David R. Grand, and the parties filed cross-motions for summary judgment. ECF Nos. 8, 13, 17. Judge Grand's Report found that substantial evidence supports the ALJ's decision that Plaintiff is not disabled under the Social Security Act, so he recommended that the Court grant summary judgment for the Commissioner. ECF No. 19, PageID.888–889. Plaintiff

1

timely objected. ECF No. 20. After examining the record and considering Plaintiff's properly raised objections de novo, the Court will overrule them, adopt the Report and Recommendation, deny summary judgment for Plaintiff, and grant it for Defendant.

## BACKGROUND

The Report properly details the events giving rise to Plaintiff's action against the Commissioner. ECF No. 19, PageID.889–892. The Court will adopt that portion of the Report and incorporate the facts herein.

## LEGAL STANDARD

Applicants may appeal adverse decisions from the Commissioner of Social Security to the federal district courts. 42 U.S.C. § 405(g). The Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that "a reasonable mind might accept [it] as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). But even a decision supported by substantial evidence "will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation omitted).

The ALJ must consider all the evidence, but he need not discuss every piece submitted. *Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999) (citation omitted). "Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.* (citation omitted).

Finally, the Court must review "de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court may but need not review portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (citing 28 U.S.C. § 636(b)(1)(C)). And the Court "may accept, reject, or modify" any recommendation. *Id.*

## DISCUSSION

Plaintiff objects "as an initial matter" that the Magistrate Judge recommended that the Court affirm the ALJ's decision despite legal errors. ECF No. 20, PageID.904–905. He noted that that whether the ALJ's conclusion was supported by substantial evidence "is not the issue here." ECF No. 20, PageID.905. That is a mischaracterization of the case. Plaintiff's sole contention in his motion for summary judgment was that the "ALJ failed to support his evaluation of the opinion evidence with substantial evidence" and thereby inadequately assessed the opinions according to the regulations. ECF No. 13, PageID.840. What is more, non-specific objections to a report are improper and do not require de novo review. *See Jidas v. Comm'r of Soc. Sec.*, No. 17-cv-14198, 2019 WL 1306172, at *1–2 (E.D. Mich. Mar. 22, 2019). The

3

Magistrate Judge appropriately considered Plaintiff's summary judgment arguments.

Plaintiff did, however, lodge three specific objections related to his general grievance, so the Court will address each in turn.

I.       Whether analysis of Dr. Samir's opinions complied with regulations

Plaintiff first objected that the Magistrate Judge failed to consider whether the ALJ's evaluation of Dr. Samir's opinion complied with 20 C.F.R. §§ 404.1520c and 416.920c. ECF No. 20, PageID.905–906 (arguing that, regardless of whether substantial evidence supported the decision, the issue Plaintiff raised was compliance with the regulations). In his view, the fact that Dr. Samir's opinion was "offered with an explanation and specified findings by its source" rendered it "'more persuasive' under the regulations." *Id.* at PageID.906. But, he argued, the ALJ failed to afford the opinion its proper weight.

To the extent Plaintiff argued that the Magistrate Judge failed to ascertain whether the ALJ's evaluation complied with the regulations, that is plainly untrue. The Magistrate Judge explained that, under both applicable regulations[1], the "most important factors" ALJs consider when they determine a medical opinion's persuasiveness are supportability and consistency. ECF No. 19, PageID.894; 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2); *see also Nasser v. Comm'r of Soc. Sec.*, No. 22-1293, 2022 U.S. App. LEXIS 33278, at *3 (6th Cir. Dec. 1, 2022) ("[T]he

---

[1] As the Magistrate Judge identified, the two regulations are identical in text. The first applies to DIB, and the second applies to SSI. ECF No. 19, PageID.894 n.4.

regulations only require ALJs to discuss . . . supportability and consistency.")
(citation omitted). Those factors counsel that: (1) the more relevant the objective
evidence and supporting explanations of a medical opinion are, the more persuasive
the opinion will be; and (2) the more consistent the opinion is with evidence from
other sources, the more persuasive it will be. 20 C.F.R. §§ 404.1520c(b)(2), (c)(1)–(2);
20 C.F.R. §§ 416.920c(b)(2), (c)(1)–(2). The Magistrate Judge found that the ALJ
followed these regulations by evaluating the supportability and consistency of Dr.
Samir's opinion. ECF No. 19, PageID.895. The Court agrees.

Plaintiff misunderstands the effect of the regulations. For starters, the
subsection governing supportability does not force an ALJ to consider any medical
opinion "more persuasive" simply because it includes an explanation and specifies
sources for its findings. Rather, the regulations specifically provide that the more
*relevant* the explanation and objective evidence, the more persuasive it will be. Dr.
Samir's explanations are presented in his medical source statement form, ECF No. 9-
1, PageID.818–823, and the sources for findings are presented in his treatment notes,
*id.* at PageID.585–610.

Dr. Samir explained that Plaintiff had upper and lower extremity weakness,
cervical and lumbar tenderness, and decreased range of motion. *Id.* at PageID.818.
He added that Plaintiff "developed stress and anxiety" from pain and his inability to
work. *Id.* at PageID.822. When asked to provide medical findings that supported his
assessment and an explanation for his opinion on Plaintiff's physical impairments,
Dr. Samir provided his conclusions that Plaintiff "cannot perform heavy or

complicated tasks." *Id.* at PageID.823. Dr. Samir's explanations are only slightly relevant to his opinions because they do not describe with any specificity *how* the medical findings lead to his specific findings of Plaintiffs' limitations.

Regarding his findings' sources, the ALJ found that Dr. Samir's opinions were "markedly disproportionate" to his clinical findings. ECF No. 9-1, PageID.50; ECF No. 19, PageID.896. As the Magistrate Judge explained, Dr. Samir's own findings of "mild weakness," "lumbar tenderness," some "decreased" range of motion, "midline and paraspinal tenderness," "numbness and tingling," and "neck pain intermittent" were vague and, he identified no "specific restrictions owing to [Plaintiff's] symptoms." ECF No. 19, PageID.897. And Dr. Samir even affirmed that Plaintiff can walk a block at a reasonable pace on uneven surfaces, climb a few steps with a hand rail, and sort or handle paper files. ECF No. 9-1 at PageID.823. Thus, the ALJ determined that the explanation and objective evidence accompanying Dr. Samir's opinion was less relevant and, thus, less persuasive. That finding is consistent with §§ 404.1520c(c)(1), 416.920c(c)(1).

What is more, supportability is only half of the story. Equally important is that the more consistent a medical opinion is with other findings, the more persuasive it will be. As discussed in detail below, the Magistrate Judge did not err in concluding that the ALJ correctly found Dr. Samir's opinions unpersuasive in part because they were disproportionate to other medical findings. ECF No. 19, PageID.896–897. The Magistrate Judge therefore did not err when he concluded that the ALJ correctly applied the applicable legal standards.

Plaintiff also objected to the Magistrate Judge's determination that the ALJ did not improperly assert a lay interpretation of evidence. *See* ECF No. 20, PageID.906 (calling that finding "ironic and perplexing"). But the supportability factor necessarily requires the ALJ to evaluate the internal support of the opinion. *Zanoubia E. v. Comm'r of Soc. Sec.*, No. 1:23-cv-11276, 2024 WL 1097149, at \*11 (E.D. Mich. Mar. 13, 2024) ("[T]o assess an opinion's 'supportability' is to evaluate the rationale behind the medical source's conclusions."); *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726–27 (6th Cir. 2013) (finding that a radiologists' reading of an x-ray is not "raw medical data" and may be evaluated by an ALJ). The ALJ did not "merely disagree[] with the medical source's explanation." ECF No. 20, PageID.906. As the regulation requires, she examined Dr. Samir's opinion internally, against the evidence Dr. Samir himself considered, and externally, against the evidence of other medical opinions and findings. ECF No. 9-1, PageID.50; s*ee also* ECF No. 9, PageID.585–606, 621–622, 688–689. The Magistrate Judge therefore did not err in finding the same. *See* ECF No. 19, PageID.897–898.

II.      <u>Whether the Magistrate Judge correctly evaluated external consistency</u>

Plaintiff next objected to the Magistrate Judge's finding that the ALJ properly evaluated the consistency factor. ECF No. 20, PageID.906–907. While Plaintiff's first objection argued that the ALJ failed to find Dr. Samir's opinion "more persuasive" in part under the consistency factor, the second objection focuses on the evaluation of Dr. Samir's opinions against the other evidence. In Plaintiff's view, the Magistrate Judge's citations to the record are "unresponsive to Plaintiff's argument that the ALJ

erred by declaring the opinion inconsistent with the record despite apparently conceding that all three physician's [sic] reports are consistent with one another." *Id.* at PageID.906. To the contrary, the Magistrate Judge discussed specific findings that conflicted with Dr. Samir's opinion that Plaintiff is disabled. *See, e.g.*, ECF No. 19, PageID.897 (citing ECF No. 9-1, PageID.599 (showing "[n]ormal MRI of the lumbar spine with no disc herniation or stenosis.")).

Of course, the ALJ acknowledged some consistency in the different doctors' opinions. *See, e.g.*, ECF No. 9-1, PageID.50 ("The physical examinations performed by Dr. Samir-Moez, Dr. Torcuator, and Dr. Shelby-Lane all show some tenderness to palpation but no more than moderate limitations in range of motion and normal neurological examination."). But some level of overlap does not demonstrate error in the finding by both the ALJ and the Magistrate Judge that there were specific, identifiable differences between Dr. Samir's opinions and the other opinions in the record that rendered Dr. Samir's opinion—specifically, his disability certificates— inconsistent. *See id.* at PageID.50 (contrasting Dr. Samir's disability finding with his own treatment notes, MRI results, and the opinions of other doctors); *see also id.* at PageID.619 (Dr. Torcuator opining that Plaintiff "seems to be improving with conservative measures consisting of pain management injection and physical therapy"); *id.* at PageID.647 (Dr. Shelby-Lane opining that Plaintiff "has occasional limitations with standing, walking, lifting, bending, climbing ladders or scaffolding").

Consistency, like supportability, is a matter of degree under the regulations: the more consistent, the more persuasive. *See* 20 C.F.R.

8

§§ 404.1520c(c)(2), 416.920c(c)(2). Thus, consistency on any particular finding does not automatically render Dr. Samir's opinion "more persuasive" under the regulations on his other findings. The Magistrate Judge did not err in affirming the ALJ's consistency analysis.

III.     Selective Consideration of Evidence

Finally, Plaintiff argued that the "Report and Recommendation does not adequately address the issue of the ALJ's impermissibly selective consideration of evidence." ECF No. 20, PageID.907. But Plaintiff did not make this argument before the Magistrate Judge. "Arguments made in an objection to a magistrate judge's report and recommendation that were not first presented to the magistrate for consideration are deemed waived." *Harris v. Ocwen Loan Servicing, LLC*, No. 2:16-cv-02224, 2017 U.S. Dist. LEXIS 32128, at \*6 (W.D. Tenn. Mar. 7, 2017) (citing *Becker v. Clermont Cnty. Prosecutor*, 450 F. App'x 438, 439 (6th Cir. 2011)). The argument is therefore waived and the Court will not consider it.[2]

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's objections [20] are **OVERRULED**.

---

[2] Plaintiff alluded to the argument in one sentence in his reply brief *See* ECF No. 18, PageID.881 (citing *Clifford L.G. v. Comm'r of Soc. Sec.*, No. 23-cv-13051, 2025 WL 897976 (E.D. Mich. Mar. 24, 2025)). But an argument raised for the first time in reply is waived, so the Court still will not consider it. *See Buehner v. City of Cleveland*, 788 F. Supp. 3d 827, 906 (N.D. Ohio 2025) (citing *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 595 n.4 (6th Cir. 2008)).

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation [19] is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [13] is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment [17] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 17, 2026

10